**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JENNIFER POWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-354-RWS |
| THEODORE JACKSON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Defendant Theodore Jackson's Motion for Summary Judgment [Doc. No. 16].

## I.    Factual Background

Plaintiff Jennifer Powell was arrested on February 7, 2012, by Glynn County, Georgia, law enforcement officers [Doc. No. 17-1, ¶ 1, admitted]. Plaintiff was arrested because the Georgia Crime Information Center ("GCIC") database indicated there was an outstanding arrest warrant against her for forgery [Doc. No. 17-1, ¶ 2, admitted].

Plaintiff was arrested when she went to a pawn shop in Glynn County that she had done business with in the past [Doc. No. 17-1, ¶ 3, admitted]. In connection with a pawn transaction involving a firearm, the pawn shop did a

criminal history search on the Plaintiff, which reflected that there was a warrant from the Fulton County Sheriff's Office against her [Doc. No. 17-1, ¶ 4, admitted]. The pawn shop called the Glynn County Police Department, who dispatched an officer to the scene [Doc. No. 17-1, ¶ 5, admitted]. Plaintiff was subsequently arrested and taken to the Glynn County Detention Center [Id.].

The Law Office of Robert Crowe attempted to help Plaintiff rectify the situation, but the Fulton County Sheriff's Office refused to provide any information about the warrant [Doc. No. 17-1, ¶ 6, admitted]. There is no evidence in the record that Plaintiff, Plaintiff's attorney, or Plaintiff's designee directly contacted Defendant Theodore Jackson, who is the Fulton County Sheriff [Id.; Doc. No. 17-1, ¶ 8, admitted]. Plaintiff was not released until after Fulton County checked its records and learned that the warrant was actually against a black female named Jennifer McNair (Plaintiff is Caucasian) [Doc. No. 17-1, ¶ 7, admitted].

On February 6, 2014, Plaintiff filed this action arguing that Defendant violated her rights secured by 42 U.S.C. § 1983 [Doc. No. 1]. On July 28, 2014, Plaintiff filed an Amended Complaint in which she asserted claims for: (1) deprivation of rights secured by 42 U.S.C. § 1983 ; (2) negligence under Georgia

law; (3) wrongful arrest under Georgia law; and (4) false imprisonment under Georgia law [Doc. No. 6].  Plaintiff seeks actual damages, punitive damages, and attorney's fees/costs [Id.].

## II.    Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' "  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material.  Id. at

248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

4

III.   **Analysis**

Defendant contends that Plaintiff's claims should be dismissed in their entirety.  Defendant's arguments will be addressed in turn.

   A.   **John Doe Defendants**

In her Amended Complaint, Plaintiff alleges claims against three John Doe defendants.  Defendant argues that these claims should be dismissed from the instant action because fictitious party pleading is not permitted in federal court. The Court agrees.  Generally, "fictitious-party pleading is not permitted in federal court."  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  As such, the Court hereby DISMISSES any claims against the John Doe defendants.

   B.   **State Law Claims Against Sheriff Jackson (Official Capacity)**

Defendant argues that Plaintiff's state law claims against him in his official capacity are barred by sovereign immunity.  The state constitutional provision governing official immunity provides as follows:

> [A]ll officers or employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or

> its departments and agencies shall not be subject to suit or liability,
> and no judgment shall be entered against them, for the performance or
> nonperformance of their official functions.

GA. CONST. art. I, § 2, ¶ 9(d). The Supreme Court of Georgia has held that the

term "official functions" refers to "any act performed within the officer's or

employee's scope of authority, including both ministerial and discretionary acts."

Gilbert v. Richardson, 452 S.E.2d 476, 483 (Ga. 1994). Accordingly, under this

definition, the constitutional provision "provides no immunity for ministerial acts

negligently performed or for ministerial or discretionary acts performed with

malice or an intent to injure." Id. "It, however, does provide immunity for the

negligent performance of discretionary acts . . . ." Id. In sum, under Georgia law,

"a public officer or employee may be personally liable only for ministerial acts

negligently performed or discretionary acts performed with malice or intent to

injure." Harvey v. Nichols, 581 S.E.2d 272, 276 (Ga. Ct. App. 2003).

As a threshold matter, the Court concludes that the decision to arrest

Plaintiff was a discretionary act. However, Plaintiff has failed to show any actual

malice or intent to injure on the part of Defendant. For purposes of official

immunity, "'actual malice' requires a deliberate intention to do wrong, and denotes

express malice or malice in fact. It does not include willful, wanton or reckless

6

conduct or implied malice.   Thus, actual malice does not include conduct exhibiting a reckless disregard for human life."  Daley v. Clark, 638 S.E.2d 376, 386 (Ga. Ct. App. 2006).  Plaintiff does not allege that Defendant had a deliberate intention to do something wrong when his Deputies executed the arrest warrant. Accordingly, Defendant is entitled to official immunity, and Defendant's Motion for Summary Judgment as to Plaintiff's state law claim against him in his official capacity is **GRANTED**.

### C.    State Law Claims Against Sheriff Jackson (Individual Capacity)

Defendant contends that Plaintiff's state law claims against him in his individual capacity are barred by official immunity.  In support of their contention that official immunity bars Plaintiff's state law claims, Defendant argues that hiring, supervising, and training are all discretionary functions and that therefore to overcome Defendant's valid assertion of official immunity, Plaintiff must present evidence that shows that Defendant acted with actual malice or intent to injure.  Defendant argues that Plaintiff has not presented evidence of actual malice or intent to injure.

The state constitutional provision governing official immunity provides as follows:

> [A]ll officers or employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the <u>negligent performance of, or negligent failure to perform, their ministerial functions</u> and may be liable for injuries and damages if they act with <u>actual malice or with actual intent to cause injury in the performance of their official functions</u>. . . .

GA. CONST. art. I, § 2, ¶ 9(d).  The Supreme Court of Georgia has held that the term "official functions" refers to "any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts." <u>Gilbert</u>, 452 S.E.2d at 483.  Accordingly, under Georgia law, "a public officer or employee may be personally liable only for ministerial acts negligently performed or acts [ministerial or discretionary] performed with malice or an intent to injure." <u>Cameron v. Lang</u>, 549 S.E.2d 341, 344 (Ga. 2001).  "In other words, public officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury." <u>Carter v. Glenn</u>, 548 S.E.2d 110, 112 (Ga. Ct. App. 2001).

The Court also agrees with Defendant that he was acting in his discretionary capacity and, therefore, is entitled to official immunity, as the Amended Complaint does not allege he was acting with malice.  "The decision of whether acts of a public official are ministerial or discretionary is determined by

8

the facts of the particular case." <u>Carter</u>, 548 S.E.2d at 112.  "A ministerial act is

commonly one that is simple, absolute, and definite, arising under conditions

admitted or proved to exist, and requiring merely the execution of a specific duty."

<u>Id.</u> at 112-13.  "A discretionary act, however, calls for the exercise of personal

deliberation and judgment, which in turn entails examining the facts, reaching

reasoned conclusions, and acting on them in a way not specifically directed."  <u>Id.</u>

at 113.

The Georgia Court of Appeals thus has held that "the act of establishing a

policy in the first place is discretionary," while "the acts of following established

policies of inspecting and monitoring are ministerial."  <u>Id.</u> at 113.  With particular

relevance to the facts of this case, the court has also held the following:

> The operation of a police department, including the degree of
> training and supervision to be provided its officers, is a discretionary
> governmental function of the municipality as opposed to a
> ministerial, proprietary, or administratively routine function.
> Liability may be imposed as a result of the exercise of such a
> discretionary function only when the acts complained of are done
> within the scope of the officer's authority and with wilfulness, malice
> or corruption.

<u>Id.</u> (internal quotes and citation omitted).  Thus, where a plaintiff alleged that the

chief of police had negligently hired and retained a police officer accused of rape,

the chief was entitled to official immunity as a matter of law because the plaintiff had failed to show "wilfulness, malice or corruption." Id.

The Court agrees that Defendant was performing discretionary functions for purposes of the facts alleged in the Amended Complaint. The foregoing authority is clear that decisions regarding whether to hire or retain a police officer (or sheriff's deputy) and what degree of training and supervision is necessary are discretionary in nature rather than ministerial. Thus, Defendant is entitled to official immunity from Plaintiff's state law claims unless he acted with actual malice. Because the Amended Complaint does not allege facts suggesting actual malice, Defendant is entitled to official immunity. Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's state law claims against him in his individual capacity.

### D.    Federal Law Claims Against Sheriff Jackson (Official Capacity)

Defendant argues that Plaintiff's federal law claims against him in his official capacity are barred by Eleventh Amendment sovereign immunity. Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

10

> United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th  Cir. 1993) (emphasis added) (internal quotes and citation omitted).

The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  On the contrary, states and their officials, acting in official capacities, are immune from suit under section 1983 pursuant to the Eleventh Amendment, which, absent congressional abrogation,[1] "protects a State from being sued in federal court without the State's consent." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003).  Eleventh Amendment immunity from suit in federal court applies not only when the state

---

[1] Congress did not abrogate Eleventh Amendment immunity for claims brought pursuant to section 1983. Quern v. Jordan , 440 U.S. 332, 338 (1979).

11

itself is sued, but also when an "arm of the state" is sued.  Id.

With respect to Plaintiff's section 1983 official capacity claims, the Court finds that Defendant is an "arm of the state."  The Eleventh Circuit Court of Appeals held in Grech v. Clayton County that sheriffs are state rather than county policymakers "for [their] law enforcement conduct and . . . the training and supervision of [their] employees in that regard."  335 F.3d 1326, 1348 (11th Cir. 2003).  In reaching this conclusion, the Grech court noted that "under Georgia law, counties lack authority and control over sheriffs' law enforcement functions." Id. at 1332.  The court continued,

> In contrast to the State, counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement functions. Counties do not grant sheriffs their law enforcement powers, and neither prescribe nor control their law enforcement duties and policies.  Counties also have no role in the training or supervision of the sheriffs' deputies.

Id. at 1336.

Thus, as an "arm of the state," Defendant, in his official capacity, is entitled to Eleventh Amendment immunity from Plaintiffs' section 1983 claims. Defendant's Motion for Summary Judgment therefore is **GRANTED** as to Plaintiff's section 1983 claims against him in his official capacity.

12

**E.     Federal Law Claims Against Sheriff Jackson (Individual Capacity)**

Defendant argues that Plaintiff's federal law claims against him in his individual capacity are barred by qualified immunity. Plaintiff's theory of liability in this case appears to be that Defendant "acting through his officers, agents, and subordinates caused Plaintiff to be kept in custody because of inaccurate information," and that Defendant "is liable for the wrongful conduct of his agents and employees" [Doc. No. 6, Amended Complaint, ¶¶ 12, 19].

"The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009) (internal quotes and citation omitted). "Supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." Id. A causal connection can be established (1) "when a history of widespread abuse puts the reasonable supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or (2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights," or (3) "when facts support an inference that the supervisor directed the

13

subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotes and citations omitted).

Although Defendant did have supervisory authority over deputies in the Sheriff's Office, Plaintiff has failed to state a section 1983 claim against these deputies. For this reason, Plaintiff's supervisory liability claim against Defendant fails. Moreover, even if Plaintiff had stated a section 1983 claim against deputies within the Sheriff's Office, Plaintiff has failed to allege a causal connection between any conduct on the part of Defendant and the actions of these deputies. Therefore, for this additional reason, Plaintiff's supervisory liability claim against Defendant fails. Defendant's Motion for Summary Judgment therefore is **GRANTED** as to Plaintiff's section 1983 claims against Defendant in his individual capacity.

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. No. 16] is GRANTED. The Clerk is DIRECTED to close this action.

**SO ORDERED**, this 5th day of August, 2015.

**RICHARD W. STORY**
United States District Judge